# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

DAVID MAY,

                            Plaintiff,

   v.                                                        6:17-CV-942 (GLS/ATB)

INV. MANLEY, POLICE OFFICER ALLEN,

                            Defendants.

DAVID MAY, Plaintiff, pro se

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court a civil rights complaint, together with an application to proceed in forma pauperis ("IFP"), filed by pro se plaintiff, David May. (Dkt. Nos. 1, 6, 8).[1]

## I. **IFP Application**

A review of plaintiff's IFP application shows that he declares he is unable to pay the filing fee. (Dkt. No. 2). This court agrees, and finds that plaintiff is financially eligible for IFP status.

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss

---

[1] This action was transferred from the Western District of New York and administratively closed on August 25, 2017 based on plaintiff's failure to submit a proper IFP application. (Dkt. Nos. 4, 5). On September 13, 2017, plaintiff submitted a motion to proceed IFP, informing the court that the prison officials refused to provide plaintiff with the appropriate certification. (Dkt. Nos. 6, 6-1). The court granted plaintiff an extension to comply. (Dkt. No. 7). On October 2, 2017, plaintiff submitted a properly completed IFP application, and the case was reopened and sent to me for initial review. (Dkt. Nos. 8-9).

the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's complaint under the above standards.

## II. Complaint

Plaintiff is suing an investigator and a police officer who work for the Herkimer

2

Police Department. (Complaint ("Compl.") ¶ 3 at 2) (Dkt. No. 1). Plaintiff is alleging false arrest and illegal search and seizure in connection with his arrest on May 31, 2016. Plaintiff claims that he and a friend were stopped by defendant Officer Allen at approximately 10:45 p.m., and plaintiff was subsequently detained and brought to the Herkimer Police Station. (Compl. at p.7).[2] Plaintiff states that his friend was questioned and implicated plaintiff in "burglaries." (*Id.*) Plaintiff was later given his Miranda warnings, and based on discussions that he had with defendant Manley and other officers, he was later arrested on other burglary charges. (*Id.*)

Plaintiff claims that defendants Allen and Manley did not have probable cause to detain plaintiff, and he should not have been taken to the police station and questioned. (*Id.*) Plaintiff claims that these constitutional violations led to his conviction. He states that "[b]y being illegally seized, I was forced to make a coerced statement that was rehearsed leading to a criminal conviction that resulted in imprisonment of 3-6 years plus 3 years making it 3-9 years." (Compl. ¶ 6 at 6). Plaintiff seeks a substantial amount of monetary relief. (*Id.* at 5-6). For the following reasons, this court must recommend dismissal of this action without prejudice.

### III. Challenge to State Court Conviction

#### 1. Legal Standards

A civil lawsuit may not be used to collaterally attack a criminal conviction. *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a section 1983 action seeking damages is not cognizable if a decision in favor of the plaintiff would necessarily invalidate a criminal conviction unless the conviction or sentence

---

[2] The court will cite to the pages as assigned by the court's electronic filing system - CM/ECF.

had been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal habeas court. *Id.* at 486-87.

### 2. Application

Plaintiff states that he was convicted,[3] resulting in his imprisonment for 3-6 years. Plaintiff also states that he appeal of his criminal conviction is still pending in state court. (Compl. at 6). Although plaintiff has brought a section 1983 claim for damages, a decision in his favor would necessarily invalidate his conviction. If this court were to find that plaintiff was falsely arrested or that his statement was somehow coerced, it would affect the validity of his conviction. Pursuant to *Heck v. Humphrey, supra*, this court may not proceed with plaintiff's claims. The claims are not cognizable at this time. When, and if, plaintiff's conviction is reversed or called into question by a petition for habeas corpus, then he may bring an action for damages.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion for leave to proceed IFP (Dkt. No. 8) is **GRANTED FOR PURPOSES OF FILING ONLY**, and the Clerk is directed to terminate the motion for IFP at (Dkt. No. 6) as **MOOT**, and it is

**RECOMMENDED**, that this action be **DISMISSED IN ITS ENTIRETY WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim pursuant to *Heck v. Humphrey, supra*, and it is

**RECOMMENDED**, that if the district court adopts this Order and Report-Recommendation, that the district court certify pursuant to 28 U.S.C. § 1915(a)(3) that

---

[3] The court assumes that plaintiff was convicted in connection with some burglary, although he never actually states what the charges ultimately were. The actual charges are not relevant to the court's decision.

any appeal taken from the district court's order would not be taken in good faith.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: October 4, 2017

Hon. Andrew T. Baxter
U.S. Magistrate Judge